UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| MAHMOUD ALILI )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>FORA FINANCIAL, LLC )<br>MANTIS FUNDING, LLC, )<br>)<br>Defendants )<br>) | Case No. 1:25-cv-930<br><br>Honorable Judge Hopkins<br>Magistrate Judge Litkovitz |

## MANTIS FUNDING LLC'S MOTION TO DISMISS

Defendants, MANTIS FUNDING, LLC ("Mantis") moves pursuant to Federal Rule of Civil Procedure12(b)(6) to dismiss the Complaint filed by Plaintiff, Mahmoud Alili("Plaintiff"), and in support thereof, Mantis states as follows:

Plaintiff's Complaint, while difficult to decipher, appears to raise issues already adjudicated and dismissed by this Court in a separate unsuccessful lawsuit brought by the Plaintiff against Mantis. See *Alili v. Mantis Funding, LLC*, No. 1:24-cv-400, ECF No. 8 (S.D. Ohio Jan. 29, 2025).

Accordingly, Plaintiff's Complaint fails to state a claim against Mantis and should be dismissed. In support of its Motion, Mantis refers to and incorporates by reference its concurrently filed memorandum of law in accordance with Local Rule 7.2. For all of the reasons stated therein, the Court should dismiss the Complaint pursuant to Fed. R. Civ. Pro 12(b)(6).

WHEREFORE, Mantis respectfully requests that the Court enter an order granting its Motion to Dismiss, dismissing the Complaint with prejudice, and providing any further relief the Court deems necessary and appropriate.

Respectfully submitted,

MAURICE WUTSCHER LLP

/s/ Alan C. Hochheiser
Alan C. Hochheiser, (0041222)
23611 Chagrin Blvd., Suite 207
Beachwood, OH 44122
Telephone: (216) 220-1129
Email: ahochheiser@mauricewutscher.com
Counsel for Mantis Funding LLC

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| MAHMOUD ALILI )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FORA FINANCIAL, LLC )<br>MANTIS FUNDING, LLC, )<br>)<br>Defendants )<br>) | Case No. 1:25-cv-930<br><br>Honorable Judge Hopkins<br>Magistrate Judge Litkovitz |

**MANTIS FUNDING LLC'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS**

Defendant, Mantis Funding LLC ("Mantis" or "Defendant") by its attorney's, submits the following Memorandum of Law in support of its Motion to Dismiss the Complaint filed by Plaintiff Mahmoud Alili ("Plaintiff") pursuant to Fed. R. Civ. Pro 12(b)(6) and Fed. R. Civ. Pro 8.

### I.   Introduction

For the second time, Plaintiff Alili has filed a federal lawsuit against Mantis Funding. After Plaintiff filed its first lawsuit against Mantis ("First Lawsuit") (No. 1:24-cv-400, ECF No. 1) Mantis responded by filing a Motion to Dismiss. (Id. at ECF No. 4) After Mantis filed its first Motion to Dismiss, Magistrate Judge Litkovitz entered a Show Cause Order that ordered Plaintiff to explain why the Court should not dismiss Plaintiff's Complaint for lack of prosecution (Id. at ECF No. 6) The Plaintiff failed to respond to the Court's Show Cause Order and on January 29, 2025 the Clerk entered a Judgment dismissing Plaintiff's Case. (Id. at ECF

3

No.8) After not responding to Mantis' first Motion to Dismiss and ignoring orders from this Court, Plaintiff has filed a new lawsuit against Mantis which appears to allege violations of the same statutes §15 U.S.C. §1681, 1692 brought in the First Lawsuit (See No. 1:24-cv-400, ECF No. 1 and ECF No. 1) This Court has already entered a final order dismissing Plaintiff's First Lawsuit. Now, this Court has numerous grounds to dismiss this lawsuit, and dismissal is warranted based on the doctrine of res judicata, failure to comply to Fed. R. Civ Pro. 8 and/or Failure to State a Claim under Fed. R. Civ Pro 12(b)(6).

## II. Legal Standard

Under Civ. R. 12(B)(6) "a complaint must contain sufficient factual matter as accepted as true to state a claim to relief that is plausible on its face." *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A pleading that offers label and conclusions will not do." *Id*. A previous dismissal under Civ. R. 12(B)(6) for failure to state a claim is a dismissal with prejudice and therefore is an adjudication upon the merits and therefore is vulnerable to a defense of res judicata. *Jochum v. State ex rel. City of Mentor*, 2020-Ohio-4191, (11th Dist.).

In Ohio, there are four elements to determine whether res judicata applies: (1) a prior final valid decision on the merits by a court of competent jurisdiction, (2) a second action involving the same parties, or their privies, as the first, (3) a second action raising claims that were or could have been litigated in the first action, and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *Lycan v. City of Cleveland,* 171 Ohio St.3d 550, 2022-Ohio-4676.

## III. Legal Argument

**A. Plaintiff's lawsuit is barred under the doctrine of res judicata.**

On July 29, 2024, Plaintiff Alili filed his First Lawsuit in the U.S. District Court Southern District of Ohio against Defendant Mantis Funding LLC. (No. 1:24-cv-400, ECF No. 1) After Mantis moved to dismiss the First Lawsuit, the Court ultimately dismissed Plaintiff's Complaint for failure to prosecute, (Id at ECF. No. 8). Plaintiff took no action to appeal or set aside the Court's Orders. On December 15, 2025, Plaintiff Alili filed this lawsuit against Defendant Mantis in the United States District Court Southern District of Ohio, (ECF No.1). Like the First Lawsuit, the second lawsuit is difficult to decipher but it appears to parrot the same allegations that the Defendant Mantis Funding violated the Fair Credit Reporting Act and harmed Plaintiff. With respect to all issues which were, or could have been, litigated in the former suit Plaintiff's Complaint is nothing more than an attempt to relitigate legal issues they brought then abandoned by not responding to the Court's show cause order from the First Lawsuit. Now, in this lawsuit the Plaintiff once again claiming that the Defendant caused financial harm for purported violations of federal law but failed to effectively plead anything new that has occurred since the first lawsuit was filed and dismissed. Accordingly, Plaintiff's Complaint should be dismissed based on the doctrine of res judicata.

### B. The Complaint Does Not Comply with the Pleading Requirements of Rule 8.

Given the confusing and unintelligible nature of the Complaint, Plaintiff has failed to provide a "short and plain" statement of his claims as required under Rule 8 of the Federal Rules of Civil Procedure. Plaintiff's Complaint, places an "unjustifiable burden upon the Court and the defendant to determine whether somewhere, 'tucked' betwixt plaintiff's arguments, conclusions and general dissertations, facts sufficient to support a cause of action have been stated." See *Kitchings v. Integral Consulting Servs., Inc.*, Case No. 19-3374, 2021 U.S. Dist. LEXIS 146980, *4-5 (D.Md. Aug. 5, 2021) (quoting Choate v. U.S., 413 F.Supp. 475, 478 (N.D. Okla. 1976)).

5

Accordingly, the Complaint should be dismissed pursuant to Rule 8 of the Federal Rules of Civil Procedure.

**C. <u>Alternatively, the Complaint should be dismissed for failure to allege that Mantis is A Consumer Reporting Agency.</u>**

Like the First Lawsuit, Plaintiff's Complaint is again devoid of any facts alleging Mantis is a consumer reporting agency that is subject to the Fair Credit Reporting Act ("FCRA"). (ECF No. 1.) Even if Plaintiff did allege Mantis was a Consumer Reporting Agency, its FCRA claims would still fail because Mantis is not a "consumer reporting agency" ("CRA") as defined by 15 U.S.C. §§ 1681- 1681.

A CRA is defined by 15 U.S.C.§ 1681a(f) as:

Any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports. 15 U.S.C.§ 1681a(f)**.**

Here, Plaintiff does not plead any allegation that Mantis is a CRA. Under 15 U.S.C.§ 1681 establishing that a defendant is a consumer reporting agency is an essential element of an FCRA claim. Because Plaintiff has failed to—and cannot—plead an essential element of any claim he purports to bring in his Complaint, Plaintiff's Complaint can should be dismissed.

**IV.     Conclusion**

WHEREFORE, Mantis respectfully requests that the Court enter, and order granting its Motion to Dismiss, dismissing the Complaint with prejudice, and providing any further relief the Court deems necessary.

                Respectfully submitted,

                MAURICE WUTSCHER LLP

                /s/ Alan C. Hochheiser
                Alan C. Hochheiser, (0041222)
                23611 Chagrin Blvd., Suite 207
                Beachwood, OH 44122
                Telephone: (216) 220-1129
                Email: ahochheiser@mauricewutscher.com
                Counsel for Mantis Funding LLC

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy was filed via this Court's CM/EMF system and sent to the following via USPS postage prepared on this 22nd day of January, 2026.

Mahmoud Alili,
595 Creekside Dr. Apt 206
Fairfield, Ohio 45104

                                           //s/Alan C. Hochheiser
                                           Alan C. Hochheiser